### Frank Hughes v. The State.

No. 3281. Decided May 9, 1906.

**1.—Murder in Second Degree—Statement of Facts—Stenographic Transcript.**

Under the practice prior to the Act of the Twenty-ninth Legislature, page 219, the statement of facts had to be approved at least by the trial judge, and usually to be signed by counsel as an agreed statement of facts, but in case of their failure to agree it had to be made up and approved by the judge; under the above act the stenographic transcript must be approved by the judge.

**2.—Same—Jury and Jury Law—Special Venire—Talesmen.**

Where upon trial for murder the record showed that most of the jurors on the special venire list were either excused by the court or the counsel of the parties, and the court upon a day subsequent announced from the bench that he would not fine such jurors when they were called, and excused them without objection of defendant or his counsel, and no request or application for attachment for such absent jurors was then or at any time made, and the court then instructed the sheriff without objection from defendant or his counsel to summon talesmen as jurors to be added to the fragment of the special venire present, and set the case for a future day, to all of which defendant and counsel consented, until the day of trial when the empaneling of the jury was being proceeded with in accordance with such arrangement, when defendant objected to proceed without the presence of such excused jurors. Held that there was no error in overruling his objection.

Appeal from the District Court of Shelby.    Tried below before Hon. James I. Perkins.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for murder in the second degree.    What purports to be the statement of facts is not in stenographic form, but is certified by the stenographer.    It is not approved by the court, nor even signed by counsel.    This statement of facts as presented cannot be considered.    Under the practice prior to the act of the Twenty-Ninth Legislature, p. 219, the statement. of facts must be at least approved by the trial judge, and usually must be signed by counsel as an agreed statement of facts; but in case of their failure to agree, then the statement of facts must be made up and approved by the judge.    Under the act of the Twenty-Ninth Legislature a stenographic transcript must be approved by the judge.

The first ground of the motion for new trial is predicated on matters growing out of the testimony, which is not before us, and therefore this ground cannot be considered.

The remaining ground of the motion is found in bill of exceptions, the substance of which is, that the case was set for trial on Friday. The regular judge was absent.    Special judge, H. B. Short, to suit the parties, set the case over until the following Monday.    When called on Monday, Judge Short was still presiding.    The special venire list was called, and several of the jurors were shown to be absent.    They were excused by Judge Short.    The bill further shows that on Monday evening, it was ascertained that several jurors had been excused by the parties, or were otherwise entitled to be excused, but a memorandum or list of those excused was not kept.    On Tuesday morning, the regular judge, Judge Perkins, was presiding, and he states that counsel for State and defense were unable to say whether or not they had agreed to excuse the jurors.    The special judges were unable to remember which of the absent jurors they had or had not excused by consent of the parties.    They preserved no memorandum in writing of those who had been excused, but they remembered that a large number had been excused on the previous Friday, when the venire was present; and they were able to remember some that had been excused.    "The court upon this state of facts declined to fine such jurors and excused them by announcement from the bench.    No objection or exception to this action of the court was offered or interposed by defendant or his counsel, and no request or application for attachment for such absent jurors was then or at any time made.    The court then instructed the sheriff, without objection of defendant or his counsel, to summons a

panel of talesmen, consisting of about thirty men, to appear on Tuesday morning, as jurors to be added to the fragment of special venire present, and from the panel thus constituted the jury was to be selected. The members of the original venire were to be placed at the head of the list and those summoned by the sheriff, were to be added to this list in the order drawn, and the court was to adjourn until the next morning without requiring the parties to pass upon those present of the original venire. This arrangement was fully consented to and approved by defendant and his counsel, and no objection was heard to any of the proceedings until the next day (Tuesday), when the empaneling of the jury was being proceeded with in accordance with such arrangement of the day before, and the names of the original venire of those absent being reached defendant stated that he objected to proceeding without the presence of such jurors, and renewed this objection with the call of each subsequent juror named in the bill. If objection had been made and attachments asked on Monday afternoon, when the action of the court was had excusing said absent jurors, the court would doubtless have ordered the attachments and some, if not all, of said jurors could doubtless have been brought in by the sheriff, but no such objections were then made and no attachments were ever asked." With this qualification to the bill it was accepted by appellant and his counsel as correct, and there is no error shown. If the absent jurors had been individually excused by the parties this would settle any question. If they had not been before excused, they were on Monday evening excused by the court; and this, under the statement of the court, was consented to by counsel as well as the summoning of the talesmen. No attachment was asked for at any time for the absent jurors. When the list was called and the names of the absent jurors was reached, if appellant desired their presence, even conceding they had not been excused or that appellant had not acceded to their being excused, in order to have availed himself, he should have asked for an attchment to have them brought in. As this matter is presented, we fail to find any error. The judgment is affirmed.

*Affirmed.*